IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tommy L. Woodward, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 0:10-1839-RMG |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claims for Supplemental Social Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Plaintiff appealed pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The matter is currently before the court for review of the Report and Recommendation of Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02 *et seq.* (D.S.C.). For the reasons set forth below, the Court adopts the Report and Recommendation of the Magistrate Judge, filed on June 27, 2011, and affirms the decision of the Commissioner.

## STANDARD OF REVIEW

The Magistrate Judge only makes recommendations to this Court. The recommendations of the Magistrate Judge have no presumptive weight and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations

1

made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he finding of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. §405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, (1971). However, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

## DISCUSSION

The Magistrate Judge recommends that the court affirm the Commissioner's decision. (Dkt. No. 19). In November 2006, Woodward applied for SSI and DIB but his applications were initially denied. Woodward requested a hearing before an Administrative Law Judge (ALJ) who found Woodward was not disabled. Woodward appealed this finding to the Appeals Council which denied his request for review on May 12, 2010. On July 15, 2010 Woodward filed this action to obtain judicial review of the Commissioner's final decision.

In order to be considered "disabled" under the Social Security Act, a plaintiff must show they have an impairment or combination of impairments which prevent them from engaging in all substantial gainful activity for which they are qualified for by age, education, experience, and functional capacity. Additionally, the plaintiff must show the disability has lasted or could reasonably be expected to last for at least 12 consecutive months. 20 C.F.R. §§ 404.1505(a), 416.905(a); *see also Blalock v. Richardson*, 483 F.2d 773 (4th Cir. 1973). Under the regulations, the ALJ is required to consider, in order:

1. Whether the claimant is engage in substantial gainful activity;
2. Whether the claimant has a "severe" impairment;
3. Whether the claimant has an impairment that meets or equals the requirement of an impairment listed in 20 C.F.R. Part 4, Subpart P, Appendix 1 ("the Listings"), and thus is presumptively disabled;
4. Whether the claimant can perform his past relevant work; and
5. Whether the claimant's impairments prevent him from doing any other work.

20 C.F.R. §§ 404.1520(a)(4), 416. 920(a)(4). If the ALJ can make a determination a claimant is or is not disabled at any point in this process, review does not proceed to the next step. *Id.*

Accordingly, the claimant has the initial burden of showing he is unable to return to his past relevant work because of his impairments. Once the claimant has established his prima facie case of disability, the burden shifts to the Commissioner who must establish the claimant

3

has the residual functional capacity (RFC) to perform alternative jobs that exist in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1282c(a)(3)(A)-(B); *see also McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983); *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981).

At the administrative level, after a thorough review of the evidence and testimony in the case, the ALJ concluded the Plaintiff was not disabled under the Social Security framework and, therefore, not entitled to the benefits sought. After a careful *de novo* review and consideration of the evidence and arguments presented, this Court finds there is substantial evidence to support the ALJ's finding. Accordingly, the denial of benefits is affirmed as detailed herein.

I. **Background**

Woodward was born in 1957. He has a high school education and past relevant work experience as a truck driver, loader driver, order picker, truck loader and warehouse worker. (Dkt. No. 13 and Dkt. No. 19). Woodward alleges disability due to back and neck injury, leg problems, sleep problems, depression, and obesity. (Dkt. No. 13).

Woodward raises four issues for judicial review in his complaint: (1) the ALJ's decision was not supported by substantial evidence; (2) the ALJ erred in finding the plaintiff had no severe impairments; (3) the ALJ erred in assessing the Plaintiff's residual functional capacity (RFC); and, (4) the ALJ erred in relying on illegible medical records in the ALJ's assessment of plaintiff's RFC. (Dkt. No. 13).

A. **Severe Impairments**

Under the second step of the five step sequential evaluation, the ALJ is required to "consider the medical severity of [a claimant's] impairment(s)." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). At this step, the claimant bears the burden of showing he has a severe impairment. *See Bowen v. Yuckert*, 482 U.S. 136, 146 n.5 (1987). A severe impairment is one

that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). If an impairment is only "a slight abnormality" which causes only "minimal effect on the individual" and does not interfere with the individual's ability to work, the impairment is not considered to be severe. *Evan v. Heckler*, 734 F.2d 1012, 1014 (4th Cir. 1981).

Woodward argues the ALJ erred in failing to find severe impairments of "Post Laminectomy syndrome (or failed back syndrome) that is a chronic pain syndrome, obesity and depression." (Dkt. No. 13). Specifically, Woodward argues the ALJ discounted his subjective complaints of chronic pain.

The Fourth Circuit has stated that when evaluating subjective complaints "the determination of whether a person is disabled by pain or other symptoms is a two step process." *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). The first step, not at issue in this matter, requires "objective medical evidence showing the existence of a medical impairment . . . which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* at 594. The second step requires the ALJ to consider "the intensity and persistence of the claimant's [symptom] and the extent to which it affects [his] ability to work." *Id.*

While allegations which are unsubstantiated by objective medical evidence cannot be rejected out of hand, objective evidence, both medical and nonmedical, is "crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs [his] ability to work." *Id.* at 595.

In this case, the record shows a significant lack of recorded medical evidence to support the Plaintiff's subjective complaints. As the Magistrate Judge noted in his Report and Recommendation, the ALJ found Woodward's testimony was largely unsupported:

5

> (1) [A]lthough Woodward testified that Dr. Ekusanmi instructed him to use a cane, the records did not indicate such an instruction or that a cane was medically necessary; (2) although Woodward testified that he slept in a recliner, the medical records did not indicate that he experienced chronic severe swelling that would require him to elevate his legs or that he reported such severe swelling such that it would impact his ability to perform basic work activities; (3) there is no indication in the records that Woodward reported, or that the medical providers found, that he could not sit for more than 45 minutes or stand for more than 15 minutes; and (4) the medical evidence did not demonstrate reports of chronic drowsiness or fatigue severe enough that he would be unable to perform any substantial gainful activity whatsoever and, in fact, the records showed that Woodward was no longer prescribed the medications that contributed to his drowsiness.

(Dkt. No. 13).

The Fourth Circuit has stated a claimant's subjective complaints "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the [symptoms] the claimant alleges [he] suffers." *Craig*, 76 F.3d at 595; *see also Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993) (*per curium*) (finding the ALJ may properly consider inconsistencies between a plaintiff's testimony and the other evidence of record in evaluating the credibility of the plaintiff's subjective complaints); *Gross v. Heckler*, 785 F.2d 1163, 1166 (noting "[i]f a symptom can be reasonably controlled by medication or treatment, it is not disabling" and indicating a diagnosis is insufficient to establish disability as "[t]here must be a showing of a related functional loss"); *Flowers v. Apfel*, No. 98-2112, 1999 WL 150491, *2 (4th Cir. March 19, 1999) (holding claimant's alleged limitations were not supported by the record as they had never been reported to his treating physician).

Woodward also claims the ALJ erred in failing to find his obesity to be a severe impairment. He argues his obesity will likely worsen his pain and musculosketal problems. But despite this argument, Woodward has not presented any evidence his obesity is forcing him to suffer from sufficient limitations or restriction such that could be viewed as a sever impairment

6

under the statute. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c); *see also Gross*, 785 F.2d at 1166 (finding a diagnosis is insufficient to establish disability as "[t]here must be a showing of a related functional loss").

Woodward also argues the ALJ's decision regarding his alleged depression was not supported by substantial evidence and that the ALJ failed to take into consideration all the evidence offered by Woodward.[1] However, (1) Woodward himself testified he had received no mental health treatment; (2) recent clinic records showed Woodward made "no complaint of depression whatsoever; (3) his primary care physician's records noted Woodward only "appeared" to be depress; and, (4) three of Woodward's other physicians concluded "that at worst [Woodward] had only mild limitations in activities of daily living, social functioning and concentration, persistence or pace stemming from depression or any other mental condition." (Tr. 14-15). Furthermore Woodward did not testify to any specific significant limitation stemming from depression. Taking all of the above substantial evidence into account, the ALJ found Woodward's alleged depression was not a severe impairment.

Additionally, even if the ALJ had erred in failing to find Woodward's alleged impairments were severe, Woodward never demonstrated his impairments caused any additional functional limitations. *See Shinseki v. Sanders*, 129 S. Ct. 1696, 1706 (2009) (holding a party attacking an agency determination bears the burden of showing that an error was harmful); *Ngarurih v. Ashcroft*, 371 F.3d 182, 190 n.8 (4th Cir. 2004) ("While the general rule is that an administrative order cannot be upheld unless the grounds upon which the agency acted in exercising its powers were those upon which its action can be sustained, reversal is not required

---

[1] Woodward claims the ALJ only took into consideration one of the three times his treatment records with his primary care physical, Dr. Bamidele A. Ekunsanmi, mentioned depression (due to the physician's illegible records) and that the ALJ ignored the findings of Dr. Delfin A. Vilate who diagnosed Woodward with severe depression and Drs. Donald W. Shuler and Vicky E. Kerr.

7

when the alleged error clearly had no bearing on the procedure used or the substance of the decision reached.") (internal quotation marks and citations omitted); *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (noting the principle of harmless error applies to Social Security disability cases).

### B. Residual Functional Capacity

The ALJ found Woodward retained the residual functional capacity (RCF) "to perform simple, routine, repetitive 'light' work . . . ." (Tr. 17-18.) In his third issue raised for judicial review, Woodward argues the ALJ erred by determining his RFC without taking into account how his chronic pain and lower extremity swelling would be affected and that the ALJ's assessment is not supported by substantial evidence. (Dkt. No. 13.) However, again it is Woodward's claims, not the ALJ's findings, which suffer from a lack of evidentiary support.

Woodward did not testify his lower extremity swelling had any impact on his ability to stand or walk. There was no indication in the medical evidence presented by Woodward that he ever reported chronic, severe swelling to any physician. Despite Woodward's testimony he could not sit for more than 45 minutes or stand for more than 15 minutes, he never presented any medical evidence he had reported these obviously significant limitations. As the ALJ noted,

> It would be reasonable to expect that if the claimant was in fact so limited, he would report those limitations. Yet, he did not. It would also be reasonable to expect that if the claimant was so limited, his treating physicians would observe and record manifestations of those limitations, whether the claimant reported or not. Yet, they did not.

(Tr. 15-16). Since Woodward presented no evidentiary support for his claims, he has failed to demonstrate the ALJ's findings were unsupported.

### C. Illegible Medical Records

Finally, Woodward argues the RFC analysis was unsupported by substantial evidence due to his primary care physician's illegible treatment notes. While both parties appear to agree Dr.

8

Ekunsanmi's medical records are illegible, this fact alone does not warrant a reversal of the ALJ's findings. As noted by the Commissioner and the Magistrate Judge, Dr. Ekunsanmi treated Woodward sporadically from March 2005 to April 2007 and the records only represent a small portion—approximately ten pages—of the full medical record in this case. (Dkt. No. 19). Additionally, as the Magistrate Judge observed, despite the fact Woodward was represented by counsel at his hearing before the ALJ and, no new submissions were presented to the Appeal Council explaining Dr. Ekunsanmi's notes, this is the first time the issue of the illegible records has been presented.

## CONCLUSION

For the reasons set forth above, this court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner.

**IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

July 19, 2011
Charleston, South Carolina